**In the Matter of Bruce E. PETIT**

**No. 29S00–8702–DI–174.**

Supreme Court of Indiana.

Jan. 8, 1988.

John L. Hess, Maurice R. Petit, Carmel, for respondent.

Sheldon A. Breskow, Executive Secretary, Martin E. Risacher, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding was initiated by the Supreme Court Disciplinary Commission charging the Respondent in a single-count complaint with violating Disciplinary Rules 1–102(A)(5) and (6) of the *Code of Professional Responsibility.* In accordance with Admission and Discipline Rule 23, the parties have now tendered a conditional agreement for discipline. Additionally, Respondent has filed the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17.

This Court accepts and approves the tendered agreement and accordingly finds that on May 4, 1985, the Respondent, an attorney admitted to practice in this State, was involved in an automobile accident in Marion County, Indiana. On that date, Respondent was employed as a deputy prosecutor in Hamilton County. Investigation of this accident revealed that Respondent was intoxicated. Respondent was charged, pled and found guilty of operating a motor vehicle while intoxicated.

This Court has held that conduct as described above committed by a deputy prosecutor violates Discipline Rule 1–102(A)(5) of the *Code of Professional Responsibility.* *In re Oliver* (1986), Ind., 493 N.E.2d 1237. Accordingly, we now conclude that the agreement establishes a basis for discipline.

The parties have agreed that the appropriate sanction for the misconduct established under this agreement is a public reprimand. In this regard, the parties further note that the incident in question was Respondent's first offense and there is no prior history of similar conduct or alcoholic problems. Respondent is assisting in public education of the alcohol problem, accepts responsibility for his conduct and is remorseful. Under these circumstances, we concur that the agreed sanction is appropriate.

It is therefore accordingly ordered that, by reason of the above set forth violation of Disciplinary Rule 1–102(A)(5), the Respondent be, and hereby is, reprimanded and admonished.

Costs of this proceeding are assessed against Respondent.