**In the Matter of Kent H. MUSSER**

**No. 17S00–8610–DI–884.**

Supreme Court of Indiana.

Jan. 8, 1988.

Howard S. Grimm, Jr., Fort Wayne, for respondent.

Sheldon A. Breskow, Executive Secretary, Martin E. Risacher, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding was initiated by the filing of a single count verified complaint charging the Respondent with engaging in conduct in violation of Disciplinary Rules 1–102(A)(3) and (5) of the *Code of Professional Responsibility*. Pursuant to Admission and Discipline Rule 23, Section 11(d), the parties have now tendered a conditional agreement for discipline. Additionally, Respondent has submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17.

Upon review of the matters which have been submitted, this Court now accepts and approves the tendered agreement. Accord-

ingly, we find that the Respondent, a duly admitted attorney subject to the discipline of this Court, on July 25, 1984, was involved in a two-vehicle accident in Allen County. At the time of the accident, Respondent was employed as a deputy prosecutor for Allen County. Investigation of this accident resulted in the arrest of Respondent and a charge of operating a vehicle while intoxicated, a Class A Misdemeanor in violation of IC 9–11–2–2. On July 26, 1984, Respondent entered a plea of guilty to this charge in the Allen Superior Court. Respondent was fined one hundred ($100.00) dollars, assessed costs, given a one hundred and eighty (180) day license suspension, ordered to pay mental health center treatment costs, assessed a probation user's fee, sentenced to a suspended jail term of three hundred and sixty-five (365) days and placed on probation on the condition of the successful completion of the mental health center program.

This Court has previously noted that attorneys charged with the enforcement of the law must conduct themselves at all times in a manner that promotes public esteem for these responsibilities. For such individuals, driving while intoxicated constitutes conduct prejudicial to the administration of justice. *In Re Oliver* (1986), Ind., 493 N.E.2d 1237. Accordingly, we now conclude that the agreement establishes a basis for discipline predicated on the violation of Disciplinary Code 1–102(A)(5) of the *Code of Professional Responsibility.*

The parties have agreed that the appropriate sanction for this misconduct exhibited under this agreement is a public reprimand. We concur in that there is no evidence to suggest that Respondent has engaged in similar conduct in the past or that future acts of misconduct are likely to occur.

In view of the above considerations, it is, accordingly, ordered that, by reason of his violation of Disciplinary Rule 1–102(A)(5) of the *Code of Professional Responsibility,* the Respondent be, and hereby is, reprimanded and admonished.

Costs of this proceeding are assessed against Respondent.