**In the Matter of Kenneth A. SCHENK.**

No. 49S00–9208–DI–625.

Supreme Court of Indiana.

April 23, 1993.

William V. Barteau, Speedway, for respondent.

Donald R. Lundberg, Executive Secretary, Jeffrey D. Todd, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Comm'n

PER CURIAM.

The Respondent, Kenneth A. Schenk, has been charged by the Disciplinary Commission of this Court with engaging in Conduct Prejudicial to the Administration of Justice in violation of Rule 8.4(d) of the *Rules of Professional Conduct.* In accordance with Ind.Admission and Discipline Rule 23(11)(d), the parties have tendered for approval a Statement of Circumstances and Conditional Agreement for Discipline. We accept and approve this agreement.

As set forth in the tendered agreement, the Respondent is an attorney subject to the disciplinary jurisdiction of this Court. On June 6, 1991, he was arrested for operating a motor vehicle with .10 or more percent blood alcohol content, a Class C Misdemeanor. At the time of his arrest, Respondent was serving as a deputy prosecuting attorney in Fort Wayne, Allen County, Indiana. On November 15, 1991, Respondent plead guilty to this charge.

By way of mitigation, the parties have informed this Court that at all times during the arrest, test, and processing periods, Respondent did not attempt to use his position as Deputy Prosecuting Attorney to gain favor. He successfully completed an alcohol countermeasure program. As a result of his arrest, Respondent was discharged as a Deputy Prosecuting Attorney within days, he suffered the embarrassment and expense of being charged with a crime, he paid all costs and fees incurred as a result of his conviction and subsequent probation, his insurance rates were increased, and he has been unable to secure continued employment, except on a part-time basis. Respondent had no history of alcohol abuse or other prior offenses and is aware of the seriousness of the offense involved in this case.

■ This Court has previously determined that deputy prosecuting attorneys who commit the offense of Driving While Intoxicated engage in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d). *In re Seat* (1992),

Ind., 588 N.E.2d 1262. As noted in the *Seat Case:*

> The duty of prosecutors to conform their behavior to the law does not arise solely out of their status as attorneys. As officers charged with administration of the law, their own behavior has the capacity to bolster or damage public esteem for the system. Where those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect. The harm done is to the public esteem for those charged with enforcing the law. (*In re Seat, supra* at 1264.)

This Court finds that the above noted analysis of misconduct applies equally to Operating a Motor Vehicle with .10 or more percent blood alcohol content and Driving While Intoxicated. Accordingly, we conclude that the Respondent engaged in professional misconduct as charged.

 The parties have agreed that the appropriate sanction in this case is a public reprimand. Noting the isolated nature of the misconduct found in this case, the impact the events have caused on employment, and Respondent's awareness of the seriousness of his acts, we find that the agreed sanction is adequate.

IT IS, THEREFORE, ORDERED that the Respondent, Kenneth A. Schenk, is reprimanded and admonished for engaging in conduct prejudicial to the administration of justice in violation of Rule 8.4(d) of the *Rules of Professional Conduct.*

Costs of this proceeding are assessed against Respondent.