**In the Matter of John R. SIMS.**

**No. 52S00–9602–DI–127.**

Supreme Court of Indiana.

May 21, 1996.

---

**4.** *Moser* involved IAD § 4(e) rather than § 3(e). However, the relevant language in these two sections is virtually identical.

John R. Sims, Roberts Law Firm, Peru, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This attorney disciplinary action is before us on an agreement entered into between the Indiana Supreme Court Disciplinary Commission and the respondent, John R. Sims, pursuant to *Admission and Discipline Rule 23, Section 11(c)*, as amended February 1, 1996. The Disciplinary Commission has charged the respondent with engaging in conduct prejudicial to the administration of justice in violation of *Professional Conduct Rule 8.4(d)*. The charges emanate from respondent's criminal conviction of *Operating a Vehicle With a Blood Alcohol Content of .10% or More* while he was serving as a deputy prosecutor. Having reviewed the matters before us, we find that the agreement should be approved.

John R. Sims is an attorney admitted to the practice of law in Indiana on June 1, 1978. At all times relevant to this proceeding and until November 7, 1995, he was a deputy prosecuting attorney for Cass County.

On November 1, 1995, he was charged in the Miami Superior Court with *Operating a Vehicle While Intoxicated*, in violation of *Indiana Code 9–30–5–2*, a Class A Misdemeanor, and *Operating a Vehicle With a Blood Alcohol Content of .10% or More*, in violation of *Indiana Code 9–30–5–1(a)*, a Class C Misdemeanor. On November 17, 1995, pursuant to a plea agreement, the respondent was found guilty of *Operating a Vehicle With a Blood Alcohol Content of .10% or More*. The court sentenced him to sixty (60) days incarceration, with only one (1) day executed and sixty (60) days on unsupervised probation. The respondent was also ordered to participate in an alcohol and drug program; his driver's license was suspended for thirty (30) days and restricted for one hundred-eighty (180) days; and he was assessed court costs and a fine, for a total of $423.50.

By way of mitigation, the parties agree that the respondent made a full and free disclosure to the Disciplinary Commission and displayed a cooperative attitude toward these proceedings. In fact, he personally contacted the Executive Secretary of the Disciplinary Commission and informed him of the arrest. On November 7, 1995, the respondent tendered his resignation as a deputy prosecuting attorney with an apology to the citizens of Cass County.

As an officer charged with administration of the law, the respondent's own conduct has the capacity to bolster or damage public esteem for the criminal justice system. See *Matter of Oliver*, 493 N.E.2d 1237, 1242 (Ind.1986). When those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect. *Oliver, supra*, at 1242. We, thus, conclude that the respondent's illegal conduct was prejudicial to the administration of justice and thereby was in violation of *Prof.Cond.R. 8.4(d)*.

On the question of sanction, the parties have agreed that a public reprimand is appropriate. We find this proposed disciplinary sanction to be consistent with the discipline imposed for similar misconduct, and we approve. See *Matter of Schenk*, 612 N.E.2d

1059 (Ind.1993); *Matter of Seat,* 588 N.E.2d 1262 (Ind.1992); *Matter of Petit,* 517 N.E.2d 396 (Ind.1988); *Matter of Musser,* 517 N.E.2d 395 (Ind.1988); *Matter of Oliver, supra.*

It is, therefore, ordered that John R. Sims is reprimanded and admonished for his professional misconduct. Costs of this proceeding are assessed against the respondent.