**In the Matter of Scott A. DANKS.**

No. 82S00–9605–DI–399.

Supreme Court of Indiana.

Sept. 4, 1996.

---

Scott A. Danks, Evansville, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

We have before us a Statement of Circumstances and Conditional Agreement for Discipline submitted by the Indiana Supreme Court Disciplinary Commission and Scott A. Danks pursuant to Indiana Admission and Discipline Rule 23(11)(c). Upon review, we have decided to approve the agreement.

In the early morning of Sunday, July 1, 1995, officers of the Evansville Police Department stopped an automobile driven by the respondent, Scott A. Danks, because the respondent had disregarded a stop sign and was driving erratically. At the time, the respondent, who is an attorney admitted to the Indiana Bar on June 9, 1989, was the attorney for the Evansville City Police Department Merit Commission. When the police stopped the respondent, he began cursing and shouting at the officers. He informed the officers that he was attorney for the Merit Commission and advised them to speak with the Police Chief, implying that the respondent should not be arrested due to his position. He then immediately withdrew the implication.

The respondent failed a field sobriety test at the scene of the stop. Later he was given two tests in which he registered blood alcohol content levels of 0.19 percent and 0.21 percent. As a result, he was charged with Operating a Motor Vehicle While Under the Influence of Alcohol and with Speeding. The respondent was referred to the local Drug and Alcohol Deferral Service Program which he completed successfully, and the criminal charges against him were dropped. The day following his arrest, the respondent sent a letter of apology to the police officers who arrested him with copies to all those who were involved professionally with him as Merit Commission attorney.

This incident became the subject of disciplinary charges against the respondent filed by the Indiana Supreme Court Disciplinary Commission. The disciplinary complaint charged that the respondent implied an ability to influence improperly an official, in violation of Prof.Cond.R. 8.4(e), and engaged in conduct prejudicial to the administration of justice, in violation of Prof.Cond.R. 8.4(d). We find that the respondent engaged in charged misconduct.

As a disciplinary sanction for this misconduct, the parties propose that the respondent be reprimanded publicly. We find most disturbing in this set of events the respondent's abusive conduct toward the police officers and his attempt to use his position to influence their actions. We are mindful, however, that on the day following his arrest, the respondent sent a sincere and effusive apology to all those who were affected by his conduct. He resigned immediately from his position with the Police Merit Commission and cooperated fully with the Disciplinary Commission. These factors are persuasive

mitigators. Also, a public reprimand comports generally with sanctions this Court has imposed for similar misconduct. See *Matter of Schenk,* 612 N.E.2d 1059 (Ind.1993); *Matter of Seat,* 588 N.E.2d 1262 (Ind.1992); *Matter of Musser,* 517 N.E.2d 395 (Ind.1988); *Matter of Petit,* 517 N.E.2d 396 (Ind.1988); *Matter of Oliver,* 493 N.E.2d 1237 (Ind.1986). Thus, we conclude that a public reprimand is an appropriate sanction under these circumstances.

It is, therefore, ordered that the agreement of the parties is approved and, accordingly, the respondent, Scott A. Danks, is reprimanded and admonished. Costs of this proceeding are assessed against the respondent.

SELBY, J., not participating.