**In the Matter of James B. McFADDEN.**

**No. 02S00–9904–DI–226.**

Supreme Court of Indiana.

May 26, 2000.

**138**

Frank J. Gray, Fort Wayne, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

■ James B. McFadden was a county deputy prosecuting attorney when he was convicted of public intoxication. We conclude that his actions warrant a public reprimand.

This attorney disciplinary matter now comes before this Court upon Respondent McFadden and the Indiana Supreme Court Disciplinary Commission's *Statement of Circumstances and Conditional Agreement for Discipline* tendered in contemplated resolution of this matter.

The parties have stipulated that during relevant times, the respondent was employed as a deputy prosecuting attorney for Allen County. On May 28, 1998, the respondent pleaded guilty to and was convicted of public intoxication, a Class B misdemeanor, in the Whitley Superior Court. Thereafter, he was suspended from the Allen County Prosecutor's Office without pay until the disposition of his case and then completed a one-year probationary period imposed by his employer as a condition of continued employment.

■ The parties agree, and we find, that the respondent violated Ind.Professional Conduct Rule 8.4(d), which provides

that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. When the law is broken by one whose job it is to enforce the law, the public rightly questions whether the judicial system is worthy of respect. *Matter of Sims*, 665 N.E.2d 584 (Ind. 1996).

In mitigation, it is noted in the agreement that the respondent immediately accepted responsibility for his conduct and successfully completed a court-ordered counseling program. He has served as a deputy prosecuting attorney for over ten years and prior to becoming a deputy prosecution attorney served as an officer in the United States Marine Corps. He has no prior disciplinary record with this Court. In light of all of the above considerations, we conclude that a public reprimand is an appropriate discipline in this case, and, accordingly, accept the parties' tendered agreement.

It is, therefore, ordered that the respondent, James B. McFadden, is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk. Costs of this proceeding are assessed against respondent.