**In the Matter of Scott A. DANKS.**

**No. 82S00–0302–DI–76.**

Supreme Court of Indiana.

Nov. 12, 2003.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Su-

preme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I, the parties agree the respondent was arrested on June 18, 2001, for operating while intoxicated. The respondent's chemical test was 0.26%. On July 26, 2001, the respondent pled guilty to operating while intoxicated as a class A misdemeanor. He received a $50 fine, a 90–day suspension of his driver's license and was placed on probation for one year.

Under Count II, the parties agree that a client hired the respondent to modify his child support payments. An agreement was reached modifying support on February 21, 2001. The respondent was to provide an entry reflecting the agreement to the court. The client called the respondent several times to request a copy of the entry. The respondent failed to return these calls and on October 21, 2001, the client wrote the respondent expressing his frustration and again requesting a copy of the entry. The respondent again failed to respond and the client filed a grievance on December 20, 2001. In response to the grievance, the respondent admitted he had not filed the entry with the court. He subsequently filed the entry on March 25, 2002.

The parties further agree respondent previously received a public reprimand from this Court for misconduct involving a prior conviction for operating while intoxicated and suggesting to arresting officers he could improperly influence an official. *Matter of Danks,* 669 N.E.2d 992 (Ind. 1996).

**Violations:** The respondent violated Ind. Professional Conduct Rule 8.4(b), which prohibits attorneys from committing a criminal act, Prof.Cond.R. 1.3, which re-

quires attorneys to act with adequate diligence and promptness in representing their clients, and Prof.Cond.R. 1.4(a), which requires attorneys to keep their clients reasonably informed.

**Discipline:** Suspension from the practice of law for ninety (90) days, effective immediately. Said suspension is stayed with the respondent placed on probation for one (1) year subject to the following terms and conditions:

1. The respondent shall remain free from alcohol use;

2. The respondent shall be subject to the supervision of a monitor approved by the Judges and Lawyers Assistance Program (" JLAP") and by the Disciplinary Commission and enter into a "monitoring agreement" with JLAP;

3. Said JLAP approved monitor shall report monthly to JLAP regarding the respondent's compliance and cooperation;

4. During the period of probation, the respondent shall attend and participate in weekly AA meetings and provide proof of attendance to his JLAP monitor;

5. JLAP will provide quarterly reports to the Disciplinary Commission regarding the respondent's compliance;

6. The respondent shall not violate the Rules of Professional Conduct or the criminal laws of the State of Indiana or of any jurisdiction; and

7. The respondent shall immediately report in writing to the Disciplinary Commission any failure to comply with the terms of probation.

8. Should respondent violate the terms of probation, the 90–day suspension will be served and the respondent will be required to apply for reinstatement

pursuant to Ind. Admission and Discipline Rule 23, Section 4.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.