**In the Matter of David B. LeBEAU, Respondent.**

**No. 02S00–1005–DI–271.**

Supreme Court of Indiana.

Jan. 5, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On August 1, 2009, Respondent was arrested for possession of

marijuana. He later entered into a diversion program, pursuant to which he admitted the charge. At the time of his arrest, Respondent was a deputy prosecuting attorney for Allen County. He was discharged from his position shortly after his arrest.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) Respondent has been evaluated by the Indiana Judges and Lawyers Assistance Program, and there is no evidence of addiction or substance abuse.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** A lawyer's possession of marijuana involves a nexus with the chain of distribution and trafficking of illegal drugs. The impact of that association affects adversely the public's perception of the lawyer's fitness to be an officer of the court. *See Matter of McNeil,* 704 N.E.2d 114 (Ind.1998). And "[w]hen the law is broken by one whose job it is to enforce the law, the public rightly questions whether the judicial system is worthy of respect." *Matter of McFadden,* 729 N.E.2d 137, 138 (Ind.2000).

The parties propose the appropriate discipline for Respondent's illegal conduct is a public reprimand. The discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases and the mitigating factors in this case, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.