### In the Matter of the Honorable Donald C. JOHNSON, Judge of the Tippecanoe Superior Court.

### No. 79S00–9903–JD–184.

Supreme Court of Indiana.

Aug. 27, 1999.

James V. McGlone, Lafayette, Indiana, Attorney for Respondent Hon. Donald C. Johnson.

Margaret W. Babcock, Indianapolis, Indiana, Attorney for The Commission on Judicial Qualifications.

### JUDICIAL DISCIPLINARY ACTION

### PER CURIAM

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, Donald C. Johnson, judge of Tippecanoe Superior Court 1. Article 7 Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25

give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the filing of formal charges by the Commission, the parties jointly tendered a Statement of Circumstances and Conditional Agreement for Discipline. The parties have stipulated to the following facts.

On February 27, 1998, Respondent granted an application for writ of habeas corpus filed, by counsel, on behalf of an individual named Amy Switzer. Respondent knew that Switzer was incarcerated pursuant to an order issued by the judge of another court and that notice of the application had not been provided to the prosecutor.

Switzer had been convicted by order of Judge Laura W. Zeman, Tippecanoe County Court 2, of Theft, a class D felony. On January 31, 1997, Judge Zeman placed her on probation and house arrest. About five months later, Switzer petitioned the Tippecanoe County Court 2 to modify her sentence. The petition was granted, and Judge Zeman vacated Switzer's house arrest and directed that she be permitted, upon the proper grant of approval, to serve the balance of her sentence on work release. Switzer's application for work release was rejected, however. Judge Zeman then ordered Switzer to serve out her sentence in custody.

On September 4, 1997, Switzer filed another motion to modify her sentence. Judge Zeman granted the motion on October 17, 1997. In that order, Switzer was sentenced to house arrest and was released from custody.

On February 20, 1998, Judge Zeman was informed in writing by Community Corrections that Switzer was rejected for house arrest on the basis of a positive test for drugs. Judge Zeman issued a warrant for her arrest without bond and again ordered her to serve the balance of her sentence in custody. Four days later, the magistrate for County Court 2, Magistrate C. Wayne Fountain, conducted a hearing, during which Switzer was notified of the basis of the house arrest rejection. Switzer was represented at this hearing by counsel. Magistrate Fountain made no finding of probable cause, nor did he set bond. However, a hearing on the probation revocation was set for March 20, 1998.

On February 26, 1998, Switzer's counsel filed a motion for physical examination on her behalf in County Court 2, which was granted. Switzer's counsel did not present to the court any claim that his client was entitled to a hearing on the revocation issue and to bond, rather than being taken into custody without bond prior to a hearing. However, on that same date, Switzer's counsel appeared on her behalf in the Tippecanoe Superior Court 1 and presented Respondent with an application for writ of habeas corpus. The application asserted that Switzer was being illegally restrained. The alleged basis for that claim was that Switzer was entitled to an evidentiary hearing on the revocation issue in Judge Zeman's court and that she was entitled to bond pending an evidentiary hearing. These assertions were not made on Switzer's behalf in Tippecanoe County Court 2, and the prosecutor had not been notified of the application for the writ of habeas corpus.

Respondent was aware that the application raised issues of law relating to another court's order, that Switzer was incarcerated pursuant to Judge Zeman's order, and that notice had not been made to the prosecutor. Nevertheless, he granted the application after a hearing at which Magistrate Fountain was present, and ordered the Sheriff of Tippecanoe County to "release the person of Amy B. Switzer from incarceration in the Tippecanoe County Jail upon providing proof of posting $5,000 surety bond" and that "upon posting bond [Switzer] shall remain at liberty until proper notice of violations of the terms of her sentence are made known to her and she is accordingly then provided an opportunity to be heard." Upon posting bond, Switzer was released by the Sheriff pursuant to Respondent's order.

The Respondent and the Commission have agreed that granting the writ of habeas corpus in contravention of another judge's order and the failure to ensure that notice of the petition was provided to the prosecutor were done in violation of the Code of Judicial Conduct. The Court also agrees. Specifically, the Respondent's conduct violated Canon 1 of the Code of Judicial Conduct, which

generally requires judges to uphold the integrity and independence of the judiciary; Canon 2(A ), which generally requires judges to avoid the appearance of impropriety, to respect and comply with the law, and to act at all times in a manner that promotes the public confidence in the integrity and impartiality of the judiciary; and Canon 3(B)(8), which generally requires judges to accord every person who has a legal interest in a proceeding the right to be heard according to law.

The parties have further agreed, as does the Court, that the appropriate sanction for this misconduct is a public reprimand. According, Donald C. Johnson, judge of Tippecanoe Superior Court 1, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding are assessed against Respondent.

All Justices concur.