**In the Matter of Phillip R. SMITH.**

**No. 79S00–9910–DI–605.**

Supreme Court of Indiana.

Dec. 22, 2000.

Phillip R. Smith, pro se.

Donald R. Lundberg, Executive Secretary, D.J. Mote, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

While his client remained incarcerated by order of one court, the respondent, Phillip R. Smith, improperly obtained from another court an order releasing his client. Today we approve a *Conditional Agreement* between the respondent and the Disciplinary Commission, submitted pursuant to Ind. Admission and Discipline Rule 23(11), and calling for a public reprimand of the respondent.

Having been admitted to the bar of this state in 1978, the respondent is subject to our disciplinary jurisdiction.

■ The Commission and the respondent agree that the respondent's client was under house arrest by order of the Tippecanoe County Court No. 2 in connection with a theft conviction. When the client tested positive for drugs, the Tippecanoe County Court No. 2 issued a warrant for her arrest. On February 24, 1998, the respondent represented the client in her initial hearing before the Tippecanoe County Court No. 2 magistrate, who scheduled a March 20, 1998, hearing on the revocation of the client's house arrest.

On February 26, 1998, the respondent filed a motion for physical examination seeking to have his client's hair tested as a means of challenging the allegation that the client had been using drugs. The respondent did not assert any claim in the county court that the client was entitled to an emergency hearing on the revocation issue and/or to bond pending such hearing. Instead, on the same day, the respondent filed an application for a writ of *habeas corpus* in the Tippecanoe Superior Court, Judge Donald C. Johnson presiding. In that application, the respondent argued that the client's incarceration was contrary to law, that the client was entitled to an evidentiary hearing on the revocation issue in the county court, and that she was entitled to bond pending such a hearing. The respondent did not notify the State of the filing.

On the next day, Judge Johnson conducted a hearing on the *habeas corpus* application, although, due to lack of notice of which Judge Johnson was aware, the State was not present at the hearing. Af-

ter the respondent presented evidence and argument, Judge Johnson granted the *habeas corpus* petition and ordered the client released upon the posting of a $5,000 surety bond.

Ind. Professional Conduct Rule 8.4(d) prohibits attorneys from engaging in conduct prejudicial to the administration of justice. The respondent's failure to notify the State of his filing of the application for a writ of *habeas corpus* violated Prof. Cond.R. 8.4(d).

In mitigation, the Commission and the respondent suggest that the respondent's actions were based on his belief as to the law applicable to his client's case and were not intended to deceive or undermine the authority of the court system. Respondent was wrong about that. His actions constituted an attempt to contravene the order of the court presiding over his client's case. The respondent's failure to inform the State of his request for relief from another court prevented the State from appearing in that proceeding and presenting its arguments, an omission that emphasizes that the respondent was attempting to use improper means to obtain his client's release.

We agree that a public reprimand is the appropriate sanction for the respondent's misconduct. These events led to our public reprimand of the judge who issued that improper order. *Matter of Johnson*, 715 N.E.2d 370 (Ind.1999). Moreover, we have imposed identical discipline in similar circumstances. *See, e.g., Matter of Warrum*, 724 N.E.2d 1097 (Ind. 2000) (public reprimand where attorney failed to disclose an existing Utah child support order when and after filing a petition to modify support in Indiana); *Matter of Mullins*, 649 N.E.2d 1024 (Ind.1995) (public reprimand where attorney attempted in one county to establish an emergency guardianship without informing the court of related proceedings in an adjoining county.)

It is, therefore, ordered that the respondent is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.