

David L. Martenet, Duge Butler, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### In the Matter of David L. MARTENET.

### No. 49S00–9606–DI–456.

Supreme Court of Indiana.

Dec. 18, 1996.

PER CURIAM.

The respondent in this attorney disciplinary action has consented to discipline in light of his felony conviction for operating a vehicle while intoxicated. We conclude that the respondent's conviction warrants disciplinary action, and resolve this matter as herein indicated.

The respondent was admitted to the bar of this state in 1967. On August 26, 1994, he was charged in Marion Municipal Court with operating a vehicle while intoxicated ("OWI"), public intoxication, driving with a suspended license, driving left of center, and with being an habitual substance offender. On June 4, 1996, the respondent pleaded guilty to the OWI charge, which, pursuant to statute, was enhanced to a Class D felony by virtue of previous OWI convictions within the past five years. He was sentenced to a one-year suspended term of incarceration, fined, placed on probation for a period of one year,

and had his driver's license suspended for a period of two years. Court documents contained in the record of this case indicate that, in addition to the respondent's June 4, 1996 OWI conviction, he has twice before been convicted of the same offense.[1]

In light of the respondent's 1996 conviction, the Disciplinary Commission filed a *Notice of Conviction and Request for Suspension* on June 25, 1996, pursuant to Ind.Admission and Discipline Rule 23 Section 11.1(a)(2). In response to the *Notice of Conviction,* the respondent, by counsel, requested that this Court deny the request in light of the fact that the respondent had received and continued to receive treatment for alcohol dependency and that a temporary suspension of his law license pending final resolution of this matter would cause "irreparable harm" to his law practice. On July 30, 1996, the respondent filed an *Affidavit and Consent to Discipline,* pursuant to Admis.Disc.R. 23(17)(a), admitting the fact of his conviction and expressing his "desire to consent to discipline."

■ We have held that an attorney's repeated incidents of driving while intoxicated, coupled with disregard for legitimate orders of a court, violated Prof.Cond.R. 8.4(b)[2] because that conduct revealed a "disregard to fellow citizens on the highway and the willful avoidance of judicial obligation" sufficient to adversely reflect on the attorney's fitness to practice law. *In re Coleman,* 569 N.E.2d 631, 633 (Ind.1991). Similarly, a pattern of repeated offenses can indicate indifference to legal obligation. *Comment* to Prof.Cond.R. 8.4. We find that the respondent's repeated OWI convictions violate Prof.Cond.R. 8.4(b) in that they reveal a general indifference to legal standards of conduct.

■ Having found misconduct, we now must assess an appropriate sanction. In so doing, we examine the nature of the misconduct, actual or potential injury, the state of mind of the respondent, the duty of this Court to protect the integrity of the profession, the risk to the public in allowing the attorney to continue in practice, and factors in aggravation and mitigation. *In re Helman,* 640 N.E.2d 1063 (Ind.1994). This Court has a duty to protect the public from unfit practitioners, regardless of the cause of the unfitness. *In re McGrath,* 506 N.E.2d 1083 (Ind.1987). In addition to being indicative of an indifference to legal obligation, the respondent's alcohol-related convictions lead us to question his fitness as one who can be trusted, *inter alia,* to keep his client's secrets, give effective legal advice, and fulfill his obligations to the courts. *See In re Oliver,* 493 N.E.2d 1237 (Ind.1986).

■ The respondent has, however, demonstrated that he has undergone treatment for his alcohol abuse and that he continues to receive such treatment. Specifically, pursuant to the probationary terms of his 1996 conviction, he is required to attend weekly Alcoholics Anonymous meetings, prohibited from using alcohol or illegal drugs, and subjected to random drug and alcohol testing. He voluntarily sought help from the Lawyers Assistance Committee, has attended weekly AA meetings, and is subject to supervision by a "monitor." The respondent's treating therapist, a certified alcohol and drug abuse counselor, indicates that the respondent's "prognosis is good" as long as he continues to use these resources.

The respondent's misconduct warrants a period of suspension. Further, we are convinced that, for the protection of the profession and the public, the respondent's entitlement to practice law must be conditioned upon continued treatment of his alcohol abuse. It is, therefore, ordered that the respondent, David L. Martenet, is suspended from the practice of law in this state for a period of six (6) months, effective immediately. That period of suspension is hereby conditionally stayed for a period of twelve (12) months, providing that the respondent continue in an alcohol abuse aftercare treatment program during the entire twelve (12) month period. Upon successful completion of the

---

1. Those convictions occurred in 1991 and 1992.

2. Professional Conduct Rule 8.4(b) provides:

It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

twelve month period with no relapse and upon proof of continuing aftercare treatment during that period, the respondent shall be fully reinstated to the practice of law, subject to payment of the costs of this proceeding.