### In the Matter of James P. QUINN.

### No. 49S00–9202–DI–80.

Supreme Court of Indiana.

July 1, 1998.

Robert W. McNevin, Indianapolis, Stephen A. Oliver, Martinsville, for Respondent.

Donald R. Lundberg, Executive Secretary, David B. Hughes, Trial Counsel, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The respondent in this case, James P. Quinn, will be suspended from the practice of law for a period of ninety days for conviction of operating a motor vehicle while intoxicated, public intoxication, and gambling, and for allowing a client's case to be dismissed after failing to prosecute it.

The Disciplinary Commission and the respondent have agreed on the ninety-day suspension as discipline for misconduct which

the respondent admits in the *Statement of Circumstances and Conditional Agreement for Discipline* now tendered to this Court for final approval. The agreed facts and our reasoning for accepting the agreement are set forth in this opinion.

■ The respondent's admission to the bar of this state in 1969 confers disciplinary jurisdiction in this case. The parties agree that, under Count I of the *Verified Complaint for Disciplinary Action*, the respondent was arrested on February 20, 1986, for Operating a Vehicle While Under the Influence of Alcohol (OWI) and Carrying a Handgun Without a License. Pursuant to a plea agreement, the handgun charge was dismissed and the respondent pleaded guilty to OWI. Judgment of conviction was entered on August 26, 1986. On March 18, 1986, the respondent was again arrested and charged with OWI and Public Intoxication. After his arrest, he refused a breathalyser test. He was found guilty of both crimes and convicted on March 22, 1988. On September 24, 1987, the respondent was arrested for gambling, which resulted in his conviction on October 31, 1988.

Criminal offenses such as driving while intoxicated, public intoxication, and gambling, while not directly linked to the practice of law, may nonetheless reflect adversely on one's fitness as an attorney because such conduct tends to indicate a general indifference to legal standards of conduct. *See, Matter of Martenet,* 674 N.E.2d 549 (Ind. 1996). That perception is magnified where there is a pattern of such offenses. *Comment* to Prof.Cond.R. 8.4. The respondent committed a string of offenses demonstrating his inability to conform with common precepts of community behavior and even more so with the standards this Court imposes on those who have taken oaths of office as attorneys. Accordingly, we find that by committing criminal acts which reflect adversely on his honesty, trustworthiness, and fitness as a lawyer, the respondent violated Ind.Professional Conduct Rule 8.4(b).[1]

■ Pursuant to Count II, the parties agree that a client hired the respondent on July 5, 1985, to pursue a personal injury claim for damages sustained in a knife fight outside of a tavern. The respondent filed suit on December 20, 1985, and shortly thereafter commenced discovery. When he received no response to his discovery request, the respondent moved for and obtained a default judgment against the defendant tavern. He later agreed to have the default judgment set aside when counsel for the tavern's insurance carrier appeared in the case. At about that time, the respondent learned that his client had been stabbed some distance from the tavern, which, in the respondent's view, greatly diminished the efficacy of the suit. After a later communication with his client during which he provided his client with significant documents from the case file, the respondent believed the client had obtained new counsel and that the respondent was no longer representing him. He failed, however, to clearly withdraw from the case and notify his client. Pursuant to Ind.Trial Rule 41(E) and due to the respondent's later inaction, the case was dismissed on February 19, 1988. The respondent never informed his client of the case's dismissal, and, in fact, falsely informed his client that the case was proceeding.

Professional Conduct Rule 1.1 requires that lawyers provide competent representation to clients. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. *Id.* By failing to either formally withdraw from the representation or, in the alternative, exercise the thoroughness and preparation necessary to ensure that his client's case was sufficiently handled after the client obtained documents from his case file, the respondent violated Prof.Cond.R. 1.1. By allowing the case to

---

1. Because some of the misconduct under Count I occurred prior the this Court's adoption of the *Rules of Professional Conduct for Attorneys at Law* on January 1, 1987, the Commission also charged the respondent with violations of analogue provisions of the now-superseded *Code of Professional Responsibility.* Specifically, the Commission alleged that the respondent violated D.R. 1–102(A)(5) by engaging in conduct that was prejudicial to the administration of justice and D.R. 1–102(A)(6) by engaging in conduct that adversely reflects on his fitness to practice law. We conclude that the respondent violated those provisions as well.

languish to the point where it became ripe for T.R. 41(E) dismissal, the respondent violated Prof.Cond.R. 1.3, which requires lawyers to act with reasonable diligence and promptness in representing clients. Professional Conduct Rule 1.4(a) requires that lawyers keep clients reasonably informed about the status of clients' legal matters and promptly comply with reasonable requests for information. By failing to advise his client of the case's dismissal, the respondent violated the rule. Professional Conduct Rules 8.4(c) and (d) provide that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation or the engage in conduct that is prejudicial to the administration of justice. By falsely informing his client that the case was "progressing" after its dismissal, the respondent violated Prof. Cond.R. 8.4(c) and (d).[2]

■ The parties contend that the ninety day suspension is commensurate with the respondent's actions. Although the respondent committed several criminal acts, they all occurred during a relatively short period of time. While the present disciplinary proceeding was initiated relatively soon after the events on which it is based, disposition of the case has taken a long time. In the interim period, the respondent has not been the subject of any further disciplinary charges. He has not been charged with any crime for over ten years. His neglect of his client's case under Count II was apparently inadvertent and based on the misconception that he had been terminated as counsel. In neither count is there evidence that the respondent purposely engaged in conduct that threatened any client's interests. For these reasons, we conclude that the agreed sanction is within the acceptable range of discipline for the respondent's misconduct and we accept the parties' conditional agreement in this case.

It is, therefore, ordered that the respondent, James P. Quinn, be suspended from the practice of law for a period of ninety (90) days, beginning August 7, 1998, at the conclusion of which he shall be automatically reinstated.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.

---

2. As in Count I, under Count II the Commission charged the respondent with violations of corresponding provisions of the *Code of Professional Responsibility*. The Commission alleged that the respondent violated D.R. 1–102(A)(4) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, D.R. 1–102(A)(5) by engaging in conduct prejudicial to the administration of justice, D.R. 1–102(A)(6) by engaging in conduct that adversely reflects on his fitness to practice law, D.R. 6–101(A)(2) by handling a legal matter without adequate preparation in the circumstances, D.R. 6–101(A)(3) by neglecting a legal matter entrusted to him, D.R. 7–101(A)(1) by failing to seek the lawful objectives of his client through reasonable means permitted by law and the Disciplinary Rules, D.R. 7–101(A)(2) by failing to carry out a contract of employment entered into with a client for professional services, and D.R. 7–101(A)(3) by prejudicing or damaging his client during the course of the professional relationship. We find that the respondent's actions violated those provisions.