FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

     DISCIPLINARY COMMISSION

Bruce A. Kotzan
 
 Donald R. Lundberg, Executive Secretary

131 East Ohio Street Robert C. Shook, Staff Attorney
 Indianapolis, IN 46204 115 West Washington Street, Suite 1060

Indianapolis, IN 46204
 

 
 

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF  )

  )  Case No. 32S00-9808-DI-468

ARTHUR R. WELLING JR.  )

__________________________________________________________________

DISCIPLINARY ACTION

__________________________________________________________________

September 1, 1999

Per Curiam

The respondent, Arthur R. Welling Jr.,
(footnote: 1) was arrested for drunk driving twice and for intimidation once in a three-year period.  The Disciplinary Commission charged him with violating Ind.Professional Conduct Rule 8.4(b), which classifies as professional misconduct a lawyer’s commission of “a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects.”  We approve the agreement reached by the parties in this matter and their agreed sanction of suspension from the practice of law.  We also impose restrictions designed to discourage any further alcohol-related misconduct by the respondent.

The underlying facts are undisputed.  On November 29, 1994, the respondent was convicted in the Hendricks Superior Court of Operating a Vehicle With a Blood Alcohol Level of .10% or More, a Class C misdemeanor.  Ind. Code 9-30-5-1.  On July 1, 1996, he was arrested for intimidation and harassment.  That arrest arose from threats the respondent made, while intoxicated, to a third party during a telephone call in the midst of a domestic squabble.  The charges were dismissed after he signed an “Agreement to Withhold Prosecution” in which he admitted to the commission of the offense of intimidation.  On August 22, 1997, the respondent was convicted in the Hendricks Superior Court of Operating a Vehicle While Intoxicated, a Class A misdemeanor.  The respondent violated his probation three times by consuming or possessing alcohol on September 19, 1997, on October 3, 1997, and on March 11, 1998.

By his conduct, the respondent violated Prof.Cond.R. 8.4(b).  His commission of the three criminal acts, all prompted by his repeated abuse of alcohol, reflects adversely on his trustworthiness or fitness as a lawyer. 

Given the respondent’s misconduct, we now must determine the appropriate sanction. In doing so, we consider the duty violated, the lawyer’s mental state, the actual or potential injury caused by the lawyer’s misconduct, and the existence of aggravating or mitigating factors.  
Matter of Strutz
, 652 N.E.2d 41 (Ind. 1995).  The parties cite as mitigating circumstances that the respondent, who graduated in the top ten percent (10%) of his law school class, has represented a variety of individuals, small businesses, and governmental agencies without any previous disciplinary difficulties.  Additionally, they state that the charged misconduct did not result in any direct harm to his clients.

The parties also note that the respondent is an alcoholic, and each of his arrests was related to his alcoholism.  The respondent acknowledges his alcohol dependency and has undergone treatment for it several times, most recently at an in-patient facility from September through November 1998.

Attorneys are professionally bound to comply with and uphold the law.  Ind.Admission and Discipline Rule 22.  The respondent’s arrest on three occasions in three years indicates an unfortunate willingness to ignore the law.   Although his unlawful behavior is connected with alcohol abuse, that fact does not excuse his transgressions.   His criminal acts reflect negatively on his trustworthiness and fitness as a lawyer and damage the perception of the profession as a whole.

The parties propose a sanction similar to that imposed in 
Matter of Martenet
, 674 N.E.2d 549 (Ind. 1996)  (6-month suspension with aftercare provisions).  We believe such a sanction adequately addresses the misconduct and protects the public from any further alcohol-related misconduct by the respondent.  

Accordingly, we order that the respondent be suspended from the practice of law for six months, beginning October 4, 1999.  After serving two months of that suspension, the respondent shall be conditionally reinstated and placed on probation for one year.  If all of the terms of probation are met, the respondent shall be fully reinstated to the practice of law subject to any additional costs associated with his monitoring.

The terms of probation are:

1.   The respondent shall not violate any terms of his criminal probation under cause number 32D02-9607-DF-166 in the Hendricks Superior Court No. 2.

2.   The respondent will remain free from the use of alcohol or other intoxicating or addicting substances or other drugs not prescribed for medically therapeutic purposes.

3.   The respondent shall submit to supervision by a monitor selected through the mutual agreement of the respondent, his counsel, and the Executive Secretary of the Disciplinary Commission.  The monitor shall supervise the monitored lawyer’s compliance with the terms of probation and will report to the Disciplinary Commission regarding the respondent’s compliance with these terms.

4.   The monitor shall report monthly to the Disciplinary Commission with regard to the respondent’s compliance.  The monitor shall submit a final report to the Disciplinary Commission upon completion of the probationary or monitoring period.  The monitor shall immediately report to the Disciplinary Commission any non-compliance by the respondent with respect to the terms of probation.  Copies of all reports shall be provided to the respondent and his counsel.

5.   During the period of probation, the respondent shall participate at least three times weekly, but with as much additional frequency as the respondent’s medical providers recommend, in meetings of Alcoholics Anonymous or another appropriate twelve-step program specifically authorized and approved by the Executive Secretary of the Disciplinary Commission Disciplinary.  The respondent shall submit a written monthly report to his monitor in which he verifies under oath his compliance with this provision or sets forth under oath any instances of failure to comply with this provision and a detailed explanation of such non-compliance.  The respondent shall submit to his monitor the name of an individual who can personally vouch for his attendance at the meetings described above, or, alternatively, submit written proof of meeting attendance acknowledged by the initials of another individual in attendance at the meeting.

6.   The respondent shall meet with his monitor at least monthly.  Such meetings shall be in person at such place and time determined by the monitor.

7.   The respondent shall be subject to random alcohol/drug screens at the frequency determined by the monitor, to include arriving at the designated screening site within six hours of notification.

8.   The respondent shall execute a “Consent for the Release of Confidential Information” on a form provided by the Disciplinary Commission.  The respondent further agrees to waive all assertions of confidentiality or privilege associated with his monitor or treating health care providers.

9.   At the conclusion of the probationary period, all consents to the release of information and to the waiver of assertions of confidentiality or privilege shall be revoked.

10.   The respondent shall not violate the Rules of Professional Conduct during his period of probation.

11.   The respondent shall immediately report in writing to the Disciplinary Commission any failure to comply with any of the terms of his probation and specifically identify the type and circumstances of his violation.

12.   The respondent shall pay all costs of compliance with the terms of probation.

If the respondent violates any terms of his probation, he shall be required to serve the four-month suspension which was originally stayed.  

 .   The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

FOOTNOTES
1:
The respondent was admitted to the practice of law in Indiana in 1978.  Accordingly, he is subject to this Court’s disciplinary authority.