In the Matter of Kenneth R. BASS.

No. 16S00–9812–DI–778

Supreme Court of Indiana.

April 24, 2000.

Kevin P. McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, D.J. Mote, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Indiana Supreme Court Disciplinary Commission alleged that lawyer Kenneth R. Bass charged an unreasonable legal fee when he accepted a private legal fee from a client he represented as public defender and for which he was paid county funds for representing. He is also charged with failing to disclose to the trial court in which the client's case was pending the private payment arrangement with his client.

This case is now before us for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* entered into by the parties in resolution of this matter pursuant to Ind. Admission and Discipline Rule 23, Section 11(c). Our jurisdiction here is based on the respondent's admission to the bar of this state on October 13, 1976. We find the undisputed facts to be as follow.

██ During relevant times, the respondent was employed by the Decatur Circuit Court as a public defender. He was compensated $1,083.33 per month for his services. On March 3, 1997, the court appointed the respondent to represent a defendant charged with attempted possession of a controlled substance by altered prescription, a class D felony. The respondent appeared with his client on August 15, 1997, and entered a plea of guilty. The court set the matter for sentencing on October 6, 1997.

Some time prior to sentencing, the client informed the respondent that she wished to withdraw her guilty plea. The respondent agreed with the client to accept payment from her directly and to represent her as private counsel in order to move the court for withdrawal of the plea. The respondent further agreed with his client that if the motion to withdraw the plea was denied, he would use the money paid by the client toward his legal fee to pursue a sentence modification on her behalf. Immediately prior to sentencing on October 6, 1997, the respondent met with the client outside the courtroom and accepted a cash payment from her as compensation for representing her as private counsel.[1]

At the hearing on October 6, 1997, the respondent orally moved to withdraw the client's plea of guilty. He then stated:

Now I want to also advise the Court to keep myself clean here, ethically, I was contacted by [the client] ... [a]nd she wanted to retain me privately in this matter. And I told her I didn't, I'm not sure exactly what I said, but I was court appointed and pretty much we had con-

---

1. The Commission and the respondent dispute the amount of the private fee paid by the client to the respondent. The respondent asserts that the amount was $500; the Commission, based on the sworn testimony of the client, contends that the fee was $1,000.

cluded matters, this was just a continuation of the sentencing hearing, nothing more. She also at that time, you can confirm this, that she wanted to withdraw her plea. And I said I did not know whether the Court would entertain that or not. Now I'm not trying to muffle things up here, but she did request that I do that . . . so, so, you know, I just want to make sure the Court understands where I stand in this matter . . .

The respondent never advised the court that he had accepted payment from the client to represent her as private counsel. On October 6, 1997, the court granted the motion to withdraw the plea.

On January 26, 1998, the state of Indiana filed an amended charging information, which matched the facts admitted by the client. Subsequently, the client, with the respondent as her counsel, again entered a plea of guilty. At the sentencing hearing on February 16, 1998, after entering judgment of conviction, the court ordered the client to reimburse the county $250 for legal expenses in the case:

> COURT: . . . She'll be on supervised probation after the executed part of the sentence, for the balance of the sentence. Ordered to pay hundred dollar initial probation fee plus fifteen dollars a month, court costs, reimburse the county two hundred and fifty dollars for legal expenses in this case.
>
> RESPONDENT: Your Honor, do you need to order, you'll have to help me here, a hundred dollars for that public defender's supplemental . . .
>
> COURT: No.
>
> RESPONDENT: That's on charges . . .

> COURT: That's on '98 cases, but she will have to reimburse the county two hundred and fifty.
>
> RESPONDENT: Two fifty. Thank you Judge.

Despite the discussion between the respondent and the judge about the requirement that the client reimburse the county for legal expenses, the respondent again failed to inform the court that he had accepted payment from the client to represent her as private counsel.

After the client completed the executed portion of her sentence, her probation officer asked if she would be able to pay the court-ordered $250 reimbursement for public defender services. The client questioned why she was required to reimburse the county when she had already paid the respondent for his services. The probation officer immediately informed the court of her statements. The judge met with the client and interrogated her under oath to confirm that she had paid the respondent to represent her as private counsel. On May 6, 1998, the judge confronted the respondent with the allegations made by the client, and for the first time, the respondent acknowledged having received money from the client to act as her private counsel.

During the Disciplinary Commission's investigation of those events, the respondent falsely stated that at the February 16, 1998, sentencing hearing he did not hear the judge order the client to repay the county for the respondent's pauper counsel fees.

Indiana Professional Conduct Rule 1.5 requires that lawyers' fees be reasonable.[2]

---

2. Professional Conduct Rule. 1.5(a) provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employ-

ment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

The respondent accepted a fee for private representation from his client for matters that he was compensated for by the county. The client eventually was ordered to recompense the county for the respondent's public defender services. By charging the client a legal fee for private representation while at the same time being paid by Decatur County to serve as the client's public defender, the respondent exacted from her an unreasonable fee in violation of Ind.Professional Conduct Rule 1.5(a).

Professional Conduct Rule 3.3(a)(1)[3] provides that it is professional misconduct for a lawyer to make a false statement of material fact to a tribunal. By twice failing to inform the trial court that he had accepted a cash payment from the client for private representation, the respondent violated the rule. Only when confronted by the judge with the client's revelation to her probation officer of payment to the respondent did he concede to the court his private payment arrangement with the client. The respondent's deception of the court about the matter also violated Prof. Cond.R. 8.4(c),[4] which proscribes conduct involving fraud, deceit, dishonesty, and misrepresentation. His failure to disclose his arrangement with his client even while the court imposed, as part of the judgment of conviction against the client, the requirement that she reimburse the county for county legal expenses violated Prof. Cond.R. 8.4(d),[5] which prohibits conduct that is prejudicial to the administration of justice.

Professional Conduct Rule 8.1(a) provides that a lawyer, in connection with a disciplinary matter, shall not knowingly make a false statement of material fact.[6] In the course of the Commission's investigation of this matter, the respondent falsely stated that he did not hear the judge order the client to repay the county for the respondent's pauper counsel fees. However, at the client's sentencing hearing, the respondent discussed with the judge, on the record, the exact amount the client was ordered to repay to the county, and even repeated the amount ordered by the judge. We therefore find that he knowingly made a false statement of material fact by stating that he did not hear the judge's order that the client repay the county.

Having found misconduct, we must now assess the adequacy of the agreed sanction, that being suspension from the practice of law for sixty days. Among the factors this Court examines when considering an appropriate disciplinary sanction are mitigating and aggravating circumstances. *Matter of Martenet,* 674 N.E.2d 549 (Ind.1996).

In mitigation, the respondent and the Commission cite the fact that the respondent is the divorced father of two sons, one of whom is in his custody and the second a college sophomore who is depen-

---

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

**3.** Professional Conduct Rule 3.3(a)(1) provides:

A lawyer shall not knowingly make a false statement of material fact or law to a tribunal;
. . .

**4.** Professional Conduct Rule 8.4(c) provides:

It is professional misconduct for a lawyer to:
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

**5.** Professional Conduct Rule 8.4(d) provides:

It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

**6.** An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact; or
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

dent upon the respondent to help pay the expenses of his college education. The parties also note that the respondent has served as a public defender for twelve years and maintained his position as a public defender throughout these proceedings. Finally, the parties state that the respondent filed his response to the Commission's *Request for Investigation* without benefit of counsel and before reviewing the transcript of the February 16, 1998, sentencing hearing. This last assertion is of little mitigating value, however, given that the record shows the respondent was well aware that the $250 county reimbursement had been ordered.

In aggravation, we note that the respondent has been disciplined by this Court before, receiving in 1997 a private reprimand for unrelated misconduct.

The essence of the respondent's present misconduct is his knowing exploitation of his own client for personal gain, then his purposeful deception of both the trial court and the Commission to conceal his actions. His acts implicate his capacity for honesty and trustworthiness while serving as an officer of the courts. Because of that, we conclude that a period of suspension is appropriate.

It is, therefore, ordered that the respondent, Kenneth R. Bass, is hereby suspended from the practice of law for a period of sixty (60) days, beginning June 2, 2000. At the conclusion of that period, the respondent shall be automatically reinstated to the practice of law.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.