**In the Matter of Scott R. JONES.**

No. 49S00–9904–DI–225.

Supreme Court of Indiana.

May 1, 2000.

**712**

Duge Butler, Jr., Indianapolis, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

Today we find that the respondent's repeated convictions of operating a motor vehicle while intoxicated violate the *Rules of Professional Conduct for Attorneys at Law*. Because of his misconduct, we find further that he should be suspended from the practice of law, but that his suspension should be stayed provided he undergo successful treatment and monitoring of his addiction.

This matter comes before us upon the respondent and the Disciplinary Commission's *Statement of Circumstances and Conditional Agreement for Discipline*, wherein they agree that the respondent engaged in misconduct and that a conditionally stayed suspension from the practice of law is the appropriate discipline. That agreement is now before us for final approval.

The parties agree that on March 17, 1983, March 6, 1987, and October 6, 1992, the respondent was convicted of operating a motor vehicle while intoxicated. On August 12, 1998, he pleaded guilty to operating a motor vehicle while intoxicated, a class D felony. Judgment of conviction for that offense was ordered withheld until August 13, 2001, on the condition that he be placed on probation for a period of three years, beginning August 12, 1998.

Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to engage in a criminal act which reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. We have held that a lawyer's three convictions of OWI violated the rule because such a pattern of misconduct revealed a general indifference to legal standards of conduct and implicated the lawyer's fitness as one who could be trusted to keep his client's secrets, give effective legal advice, and fulfill his obligations to the courts. *Matter of Martenet,* 674 N.E.2d 549, 550 (Ind.1996). The respondent's conduct, being essentially identical, also violates Ind.Professional Conduct Rule 8.4(b).

The respondent and the Commission agree that the respondent should be suspended from the practice of law for a period of six months, with that suspension suspended to probation concurrent with his period of criminal probation, conditional upon the respondent's completion of various aftercare provisions. In support of the respondent's candidacy for such probationary terms, the parties have submitted as mitigating factors various testimonials from health care professionals, mental health professionals, and representatives of several professional assistance groups. The statements contained therein generally indicate that the respondent is undergoing psychotherapy and group therapy, medical treatment for his alcohol dependency, that he regularly attends Alcoholics Anonymous meetings, and that his prospects for successfully controlling his addiction are bright. Similarly, the respondent's criminal probation officer reported that the respondent to date has complied

fully with the terms of his probation. These endorsements lead us to conclude that the respondent has voluntarily taken steps to deal with his alcohol dependency, that he is making a significant personal investment in his recovery, and therefore that probationary status is an adequate means by which to address his misconduct. We are further persuaded of the appropriateness of probation in this case because similar discipline has been imposed for almost identical misconduct. *See Matter of Martenet, supra* (six months suspension, suspended to 12 months period of probation contingent on completion of various alcohol dependency aftercare programs), *reinstated at* 694 N.E.2d 1143 (Ind.1998). Accordingly, we approve the parties *Conditional Agreement* and the discipline described therein.

Accordingly, it is ordered that the respondent, Scott R. Jones, is suspended from the practice of law in this state for a period of six (6) months, effective immediately. That period of suspension is hereby conditionally stayed, and the respondent shall be subject to a period of probation until August 13, 2001. The specific terms of the period of probation include:

1. The respondent shall not violate any terms of his criminal probation under cause number 06D02–9705–DF–217 in Boone Superior Court No. 2.

2. The respondent shall remain free from the use of alcohol or other intoxicating or addicting substances or other drugs not prescribed for medically therapeutic purposes.

3. The respondent shall submit to supervision by a monitor selected through mutual agreement of the respondent, his counsel, and the executive secretary of the Disciplinary Commission. The monitor shall supervise the monitored lawyer's compliance with the terms of probation and will report to the Disciplinary Commission regarding the respondent's compliance with these terms.

4. The monitor shall report quarterly to the Disciplinary Commission with regard to the respondent's compliance. The monitor shall submit a final report to the Disciplinary Commission upon completion of the probationary or monitoring period. The monitor shall immediately report to the Disciplinary Commission any non-compliance by the respondent with respect to the terms of probation. Copies of all reports shall be provided to the respondent and his counsel.

5. During the period of probation, the respondent shall participate at least three times weekly, but with as much additional frequency as the respondent's medical providers recommend, in meetings of Alcoholics Anonymous or other appropriate twelve-step program specifically authorized and approved by the executive secretary of the Disciplinary Commission. The respondent shall submit a written quarterly report to his monitor in which he verifies under oath his compliance with this provision or sets forth under oath any instances of failure to comply with this provision and a detailed explanation of such non-compliance. The respondent shall submit to this monitor the name of an individual who can personally vouch for his attendance at the meetings described above, or alternatively, submit written proof of meeting attendance acknowledged by the initials of another individual in attendance at the meeting.

6. The respondent shall meet with his monitor at least monthly. Such meetings shall be in person at such place and time determined by the monitor.

7. The respondent shall be subject to random alcohol/drug screens at the frequency determined by the monitor, to include arriving at the designated screening site within six hours of notification.

8. The respondent shall execute a "Consent for the Release of Confidential Information" on a form provided by the

Disciplinary Commission. The respondent further agrees to waive all assertions of confidentiality or privilege associated with monitor or treating health care providers.

9. At the conclusion of the probationary period, all consents for the release of information and to the waiver of assertions of confidentiality or privilege shall be revoked.

10. The respondent shall not violate the Rules of Professional Conduct during his period of probation.

11. The respondent shall immediately report in writing to the Disciplinary Commission any failure to comply with any of the terms of his probation and specifically identify the type and circumstances of his violation.

12. The respondent shall pay all costs of compliance with the terms of his probation.

13. The burden of compliance with the terms of probation remains with the respondent at all times and does not shift to the Disciplinary Commission, or its staff, the respondent's monitor, the respondent's therapist or any other person or entity.

14. If, during the respondent's period of probation, the Disciplinary Commission should have reasonable cause to believe that the respondent is in material breach of any of the terms or conditions of his probation, the executive secretary may petition the Supreme Court for relief from the conditionally stayed period of suspension.

If the respondent successfully completes his probation without violation of any term of probation and upon the positive recommendation of his monitor, the respondent shall be automatically fully reinstated to the practice of law, subject to the payment of costs of this proceeding. If the respondent violates any terms of his probation, he shall be suspended for the full six (6) month period which was originally stayed and he shall be required to undergo the reinstatement process pursuant to Ind.Admission and Discipline Rule 23, Section 4.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.