**In the Matter of Arthur R. WELLING.**

No. 32S00–9808–CI–468.

Supreme Court of Indiana.

Sept. 29, 2000.

### ORDER GRANTING RESPONDENT'S MOTION TO VACATE HEARING AND ACCEPTING RESPONDENT'S ADMISSION OF VIOLATION OF PROBATION AND CONSENT TO DISCIPLINE

On September 14, 2000, this Court ordered the respondent, Arthur R. Welling, Jr., to appear before it on Tuesday, October 3, 2000, and show cause why it should not revoke the probationary status of his license to practice law in this state and suspend him from the practice of law. The hearing was set in response to allegations by the Disciplinary Commission that the respondent, by consuming alcoholic beverages, had violated the terms of a one-year period of probation imposed in *Matter of Welling,* 715 N.E.2d 377 (Ind.1999). In that decision, the Court suspended the respondent's license for six months but stayed enforcement of four months of the suspension on the basis of the respondent's compliance with the terms of a one-year probation.

The respondent, by counsel, has filed his *Motion to Vacate Hearing* and *Admission of Violation of Probation and Consent to Discipline.* In those documents, the respondent admits he violated the terms of his probation by consuming alcoholic beverages on June 19, 2000. The respondent further consents to the imposition of the discipline conditionally deferred in *Matter of Welling.*

Given the respondent's admission that he has violated the conditions under which this Court agreed to stay a portion of his suspension in *Matter of Welling,* the Court finds no hearing is necessary and, accordingly, grants the respondent's *Motion to Vacate Hearing.* The Court further finds that the portion of the respondent's suspension conditionally stayed in *Matter of Welling* should be executed pursuant to the terms of that order. Accordingly, the Court suspends the respondent from the practice of law in this state for a period of four months, effective October 13, 2000, after which the respondent will be eligible for reinstatement upon compliance with Ind. Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to serve notice of this order in accordance with Ind. Admission and Discipline Rule 23(3)(d), governing suspension, and send a copy of this order to all counsel of record in this case.

All Justices concur.