**In the Matter of Aaron E. HAITH.**

**No. 49S00–9711–DI–630.**

Supreme Court of Indiana.

Feb. 28, 2001.

Joseph C. Lewis, Jr., Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Lawyer Aaron E. Haith was convicted twice of operating a motor vehicle while intoxicated and convicted once of operating a vehicle with a blood alcohol content of at least .10 percent. Today we find that, by virtue of the acts underlying those convictions, he engaged in criminal acts reflecting adversely on his fitness as a lawyer in violation of the *Rules of Professional Conduct for Attorneys at Law.*

◼ This attorney disciplinary case is now before us for final resolution upon the duly-appointed hearing officer's findings of fact and conclusions of law. The respondent, pursuant to Ind.Admission and Discipline Rule 23(15), has petitioned this Court for review of the hearing officer's findings and conclusions. Because of the respondent's petition, our review of this matter is *de novo* in nature, and will involve a review of the entire record presented. *Matter of Warrum,* 724 N.E.2d 1097 (Ind.2000).

We now find that on June 25, 1985, the respondent was convicted of operating a vehicle while intoxicated (OWI) in Marion Municipal Court. The incident leading to that conviction involved a motor vehicle accident that resulted in personal injury. On September 17, 1991, the respondent

was convicted of operating a vehicle with .10% or more by weight of alcohol in his blood, a class C misdemeanor, in Marion Municipal Court. On September 29, 1995, the respondent was convicted of OWI, a class A misdemeanor, in Marion Municipal Court. Again, the basis for that conviction was a motor vehicle accident resulting in personal injury. After each conviction, the respondent successfully completed his sentencing requirements, including terms of probation, to the extent ordered. The sentence for the 1991 offense included mandatory alcohol counseling. The 1995 sentence included, as terms of probation, alcohol evaluation and treatment, if necessary. To satisfy those terms, the respondent obtained short-term private substance abuse counseling. The counselor observed the respondent on six occasions between January and July 1996, and concluded that the respondent had an alcohol abuse problem and that he met the diagnostic criteria for alcohol dependency.

The respondent re-initiated contact with the counselor in January of 1999. The counselor's most recent professional opinion is that the respondent and the community will be best served by the respondent's abstinence from alcohol, continued professional endeavors, and aggressive outpatient therapy coupled with community-based mutual self-help participation. At hearing, the Commission's expert witness, a medical doctor specializing in addictions, testified that he concurred with the assessment that the respondent is alcohol dependent. The hearing officer found that the respondent is alcohol dependent. The respondent disputes that finding.

The hearing officer concluded that the respondent violated Ind.Professional Conduct Rule 8.4(b) by committing the criminal acts of operating a vehicle while intoxicated and operating a vehicle with .10 percent or more by weight of alcohol in his blood. According to the hearing officer, these acts reflected adversely on the respondent's fitness as a lawyer. The hearing officer also concluded that the Commission failed to demonstrate by clear and convincing evidence that the respondent violated Prof.Cond.R. 8.4(d), which provides that it is professional misconduct to engage in conduct that is prejudicial to the administration of justice.

In his petition for review of the hearing officer's findings, the respondent argues that his convictions of driving while intoxicated or with illegal levels of alcohol in his blood do not reflect adversely on his fitness as a lawyer. His misconduct, he contends, must be distinguished from this Court's prior decisions finding Prof.Cond.R. 8.4(b) violations for convictions of alcohol-related motor vehicle offenses because the acts at issue in prior cases included attendant misconduct such as failures to abide by courts' orders of probation, the commission of other acts violative of the *Rules of Professional Conduct*, or offenses committed by lawyers responsible for enforcement of this state's laws. To support his argument, the respondent relies on *Matter of Oliver*, 493 N.E.2d 1237 (Ind.1986) (lawyer who was serving as special prosecutor found to have committed crime involving "moral turpitude" in violation of *Code of Professional Responsibility* for conviction of OWI), *Matter of Martenet*, 674 N.E.2d 549 (Ind.1996) (violation of Prof.Cond.R. 8.4(b) for three convictions of OWI, the last occurring while the lawyer's license was suspended), *Matter of Welling*, 715 N.E.2d 377 (Ind.1999) (two OWI convictions and conviction of intimidation in violation of Prof.Cond.R. 8.4(b)), and *Matter of Coleman*, 569 N.E.2d 631 (Ind.1991) (Prof.Cond.R. 8.4(b) violation for three OWI convictions, failure to appear at hearing after release on bond, use of client's funds without authorization). The respondent contends that his three convictions, standing alone and without some subsequent violation of terms of probation, do not reflect adversely on his fitness as a lawyer.

We disagree. Lawyers are professionally bound to comply with and uphold the

law. Ind.Admission and Discipline Rule 22. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate an indifference to legal obligation. *Comment* to Prof. Cond.R. 8.4. A lawyer's multiple convictions for OWI or similar offenses may indicate a willingness to ignore the law and may damage the public's perception of the legal profession. *Welling*, 715 N.E.2d at 378. Such conduct also implicates a lawyer's fitness as one who can be trusted to keep his client's secrets, give effective legal advice, and fulfill his obligations to the courts. *Martenet*, 674 N.E.2d at 550. Thus, a lawyer's commission of OWI and similar offenses, even standing alone with no attendant misconduct, have been found to violate Prof.Cond.R. 8.4(b). *Matter of Jones*, 727 N.E.2d 711 (Ind.2000) (three OWI convictions and a fourth conviction withheld on terms of probation). Further, even considered separately, the respondent's offenses are not minor, given that two of the three involved personal injury. Accordingly, we find that the respondent violated Prof.Cond.R. 8.4(b). We adopt the hearing officer's finding with respect to the Prof.Cond.R. 8.4(d) charge.

Having found misconduct, we now turn to the issue of proper sanction. Relevant to this determination is the hearing officer's identification of several aggravating factors. Among these are the respondent's failure to abstain from the use of alcohol or to acknowledge his alcohol dependency and his failure voluntarily to seek long-term treatment. In mitigation, the hearing officer noted that the respondent, prior to the present action, has practiced law for 20 years with no prior disciplinary history, that he completed his criminal probation successfully, and that he generally enjoys a good reputation in the legal community. The hearing officer recommended that the respondent be suspended from the practice of law for six (6) months; that after serving one (1) month of that suspension, the respondent be conditionally reinstated and placed on probation for two (2) years; and that the re-

spondent be fully reinstated to the practice of law upon compliance with the terms and conditions of probation. According to the hearing officer, those terms and conditions should include abstinence from alcohol use, supervision by a monitor, reporting requirements, random substance screenings, intensive out-patient treatment, and psychological evaluation and treatment.

In recent cases involving similar misconduct, pursuant to agreed resolutions this Court has imposed six month suspensions from the practice of law, with some or all of that period stayed to terms of agreed probation aimed at treating the respondents' alcohol dependencies. *See, e.g., Martenet, supra* (six month suspension all stayed to aftercare), *Welling, supra* (six month suspension with four months conditionally stayed), *Jones, supra* (six month suspension conditionally stayed to period of suspension to run concurrently with criminal probation). We conclude that a similar sanction is appropriate in this case as well; however, we find further that the respondent's failure to abstain from alcohol use and his reluctance to admit his alcohol dependency warrant in this case a lengthier period of suspension stayed to stringent aftercare provisions.

■ It is, therefore, ordered that the respondent, Aaron E. Haith, be suspended from the practice of law in this state for a period of twelve (12) months, effective immediately. That period of suspension is conditionally stayed to a two (2) year period of probation. During that period of probation, the respondent must:

- Remain free from alcohol use
- Be subject to the supervision of a monitor approved by the Disciplinary Commission, with periodic meetings with the monitor who will provide regular reports to the Disciplinary Commission
- Participate in an intensive out-patient treatment program approved by the Disciplinary Commission

- Participate in psychological evaluation and treatment, as recommended by the out-patient treatment program
- Participate in Alcoholics Anonymous or similar 12–step program
- Agree to be subject to and receive random alcohol and drug screenings
- Agree to a waiver of all assertions of confidentiality or privilege associated with his monitor or treating health care providers
- Immediately report any noncompliance with the terms of this probation to the Disciplinary Commission
- Pay all costs of compliance associated with the terms of probation.

Should the respondent violate any terms of his probation, he shall be required to serve the twelve month period of suspension which was originally stayed, at the conclusion of which he shall be required to petition this Court should he desire reinstatement. Should he successfully complete the two year period of probation, at the end of that period he shall be fully reinstated to the practice of law in this state.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent from the sanction imposed, and would impose a sanction calling for a period of executed suspension in addition to a period of suspension stayed to aftercare provisions.

SHEPARD, Chief Justice, dissenting.

Several decades of research about healing chemically impaired people suggests that therapy is typically unsuccessful when a dependent person believes he is not. Formal analysis thus coincides with intuition: people who think treatment is unnecessary are unlikely to work very hard at it.

The present case involves a lawyer who is generally well liked and successful. But, he has had three criminal convictions for drunk driving in twelve years. His own therapist, the Commission's medical expert, and our hearing officer have all concluded that he is alcohol dependent. He insists he is not. He also maintains that the evidence does not reflect adversely on his fitness to serve clients.

The Court says it disagrees on both points, but it sends this message so softly it seems unlikely the respondent will hear it. A short period of actual suspension seems more likely to lead to a successful result.