In the Matter of Patrick J. ROBERTS, Respondent.

No. 52S00–0310–DI–439.

Supreme Court of Indiana.

June 9, 2004.

Patrick J. Roberts, pro se.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

Disciplinary Action

PER CURIAM.

Since 1996, the respondent, attorney Patrick J. Roberts, has twice been convicted of alcohol-related driving offenses. Today we accept an agreed resolution of attorney disciplinary charges emanating from those convictions. The agreement calls for the respondent's public admonishment in light of the fact that the respondent voluntarily sought out and completed treatment for his alcohol abuse and because he continues to abstain from alcohol use.

This case began with the Commission's filing of a *Verified Complaint for Disciplinary Action* alleging that the respondent's two convictions violated Ind.Professional Conduct Rule 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Thereafter, the parties tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline,* pursuant to Ind.Admission and Discipline Rule 23(11)(c), therein stipulating to the respondent's actions and agreeing that a public reprimand is a sufficient sanction for his actions.

The respondent's admission to this state's bar in 1969 confers upon this Court disciplinary jurisdiction over this matter.

The Commission and the respondent stipulate that on August 29, 2002, in the Cass Superior Court, the respondent pleaded guilty to operating a motor vehicle while intoxicated. On February 20, 1996, in the Miami Superior Court, the respondent pleaded guilty to operating a motor vehicle with a blood alcohol level of .1% or more.

■ In *Matter of Haith,* 742 N.E.2d 940 (Ind.2001), we concluded that a pattern of alcohol-related driving offenses may violate Prof.Cond.R. 8.4(b):

> Lawyers are professionally bound to comply with and uphold the law. Ind.Admission and Discipline Rule 22. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate an indifference to legal obligation. *Comment* to Prof.Cond.R. 8.4. A lawyer's multiple convictions for OWI or similar offenses may indicate a willingness to ignore the law and may damage the public's perception of the legal profession. [*Matter of]* Welling, 715 N.E.2d at 378. Such conduct also implicates a lawyer's fitness as one who can be trusted to keep his client's secrets, give effective legal advice, and fulfill his obligations to the courts. [*Matter of]* Martenet, 674 N.E.2d at 550. Thus, a lawyer's commission of OWI and similar offenses, even standing alone with no attendant misconduct, has been found to violate Prof.Cond.R. 8.4(b). *Matter of Jones,* 727 N.E.2d 711 (Ind.2000) (three OWI convictions and a fourth conviction withheld on terms of probation).

*Haith* at 942–943. We find that, in the present case, the respondent's convictions of OWI and operating a motor vehicle with a blood alcohol level of at least .1% violate Prof.Cond.R. 8.4(b).

■ In support of the agreed discipline, a public reprimand, the parties cite several factors which they contend mitigate the severity of the respondent's actions. They agree that he self-reported each conviction to the Commission. Prior to his 2002 conviction, the respondent voluntarily contacted the executive director of the Indiana Supreme Court Judges and Lawyers Assistance Program (JLAP), which referred him to an alcohol and substance abuse counselor. Both JLAP and the counselor's assessments indicated that the respondent did not have an alcohol dependency, but that instead he used alcohol inappropriately. The respondent has successfully completed his treatments with the counselor, which included abstinence from alcohol, education and therapeutic counseling sessions. The respondent continues his program of abstinence and counseling.

In attorney discipline cases involving multiple incidents of driving while intoxicated, lawyers have been placed on probation for a period of time in order to compel alcohol treatment as a condition of practicing law. *See, e.g. Matter of Martenet,* 674 N.E.2d 549 (Ind.1996) (6 month suspension from the practice of law stayed to 12 months of probation for three convictions of OWI); *Matter of Jones,* 727 N.E.2d 711 (Ind.2000) (6 month suspension, stayed to probation on condition that attorney undergo successful treatment for and monitoring of his alcohol dependency, for four convictions of OWI over 15 years); *Matter of Haith,* 742 N.E.2d 940 (Ind.2001) (12 month suspension stayed to two years of probation involving alcohol dependency aftercare provisions for three convictions of OWI or similar offenses, two of which involved personal injury).[1] In these three

---

1. Where a lawyer with law enforcement responsibilities is involved in even a single instance of driving while intoxicated (as opposed to multiple instances) disciplinary ac-

cases, the lawyers were diagnosed as having alcohol dependency, had at least three convictions for drunk driving, and had not undergone a period of abstinence sufficient to demonstrate successful completion of treatment.

The present case may be distinguished. The respondent has not been diagnosed as alcohol dependant, but instead as one who abuses alcohol. Unlike the lawyers in the prior matters, the respondent has demonstrated completion of a voluntary course of treatment for alcohol abuse, voluntarily continues with his course of treatment, and has abstained from the use of alcohol for some 21 months. In addition, the respondent's two misdemeanor convictions were the result of incidents that were separated by a period of approximately nine years. Accordingly, we agree with the parties that a public reprimand is appropriate for the misconduct in this case.

It is, therefore, ordered that the respondent, Patrick J. Roberts, is hereby reprimanded and admonished for his misconduct in this case.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state.

Costs of this proceeding are assessed against the respondents.

tion is warranted. *See, e.g., Matter of Oliver,* 493 N.E.2d 1237 (Ind.1986) (public reprimand for lawyer convicted of OWI while appointed as a special prosecutor); *Matter of Musser,* 517 N.E.2d 395 (1988) (public reprimand for deputy prosecutor convicted of OWI).